Withers J.
delivered the opinion of the Court.
The questions which have been considered by this Court, as fairly arising out of the trial below, and the grounds of appeal, are as follows:
1. Was it competent for the defendant to prove by a witness present, that another person had imputed to the plaintiff the offence alleged in the words which were the cause of action.
2. Did the proof correspond, in the legal sense, to the words charged in the declaration?
First. The right to offer the testimony rejected on the trial, has been inferred from the proposition affirmed in the case of Beauford and M’Cluney, 1 N. & M’C., 268, to wit: a person may prove in mitigation of damages, such facts and circumstances as show a ground of suspicion, not amounting to actual proof of plaintiff’s guilt. This doctrine will not be questioned on the present occasion, but it is conceived that the mode by which any such fact or circumstance is to be proved, is to be that one, which is recognized by the settled rules of evidence. Now, the effort of the defendant, was to prove a fact or a circumstance by eliciting from a witness, who was sworn, the reply, that he had heard something from one who was not sworn, that is, to repeat an observation made by one who might have been, and we-think should have been, introduced and put under oath to testify the particular matter in view. Otherwise, what would be the result? Not that a fact or circumstance in mitigation had been affirmed to exist, upon the oath of one subject to cross-examination, but merely the fact that a person had made an observation; that is to say, the mitigating circumstance sought to be incorporated into the testimony, would not be any fact or transaction touching the conduct or even the character of the plaintiff, but the irresponsible remark of another, which might be no more than the floating impression of that other, whence derived, the jury could not know nor have the means to determine, from manner, cross-examination and so forth, how much such impression was tinged by lurking malice—how much perverted by the *278 wicked imposition of others, or by a weak credulity. This would not have the character and force of hearsay evidence, for that properly reflects the general opinion and language, through a witness sworn; but it seems to amount to nothing more than the echo of the unattested loose declaration of a single person. The case referred to in support of the rule laid down in Beauford & M’Cluney, was the Earl of Leicester v. Walter, 2 Camp. N. P. Cases, where the evidence offered and admitted was to the effect, that before and at the time of publishing the libel, there was a general suspicion of the plaintiff’s character and habits; that it was generally rumored such a charge had been brought against him; but neither in that case nor in any other, as yet consulted, has such a question been propounded as that urged in the present case, to be competent. If the particular fact sought was important to the defendant, and vested on the assertion of a particular person, it would seem that the usual means of attacking the credibility of that person, should be open to the plaintiff. Whether we look at the rights of one thus to be collaterally assailed, wholly ignorant of such an issue, and possibly entirely misunderstood or misrepresented in the language imputed to him, or at the consequences upon the practice in general, we are led to sustain the decision on circuit, and exclude the testimony to be adduced. And this conclusion appears to accord with that announced in Freeman v. Price, 2 Bailey, 115, where the question, whether the witness had ever heard any thing against the reputation of the plaintiff, was overruled, and it was remarked by Johnson J., that “the rule is already quite broad enough,” (meaning that laid down in Beauford & M’Cluney,) “and to extend it would be calculated to surprise the plaintiff.” It may be added, that the plaintiff might suffer unreasonably in another respect, for the observation of a third person, offered to be proved as in the present case, might have been founded on the authority of the defendant himself; and this would be beyond the reach of discovery by the plaintiff, unless the person whose declaration is offered be subjected to cross-examination. On this point, therefore, we agree with the circuit Judge.
*279 Second. Is there a legal conformity between the proof and the allegation? The words charged were as follows: “that Poppenheim was a very bad man; he was a calf thief, and the records oí the Court would prove it.” By one witness, all the words charged were proved to have been uttered; but those alleging that “the records of the Court would prove it,” had reference to an indictment for calf stealing, and not to a conviction for that offence. These latter words were not uttered in immediate connexion with the former, but were used in reply to a question of the witness in the course of the same conversation. We recognize, as sound, the rule laid down in many of the books, if some of the words being actionable, be proved, an omission to prove the remainder of the words laid in context with them, or a variance from the latter, will not be material, provided the words do not differ in sense from those alleged, considering the whole context. It has been contended here, that there is a fatal variance between the evidence of the plaintiff and his allegation. It does not so appear to this Court. It is not alleged that the records of the Court were referred to as proving a conviction, but the substantial sense of the allegation is, that the records of the Court were appealed to as proving the plaintiff’s guilt, which might have been the purpose of the speaker, whether the party had never been tried, or had in fact been acquitted. To say that the words in question, as proved, differ in sense from those preceding them, is equivalent to saying, that by proclaiming that Poppenheim had been indicted for calf stealing, and the records of the Court would prove it, Wilkes meant that he was not guilty of calf stealing: such, certainly, was the substantial charge, and whether he said the records of the Court would prove that he had stolen a calf, or that the records of the Court would prove that he had been indicted for stealing a calf, in either case, there is no conflict with those words imputing the offence, and clearly proved as laid.
Suppose the plaintiff had offered no proof at all of the words with respect to which the variance exists; there can be no doubt, that having proved as he did on the trial below, the words which imputed the charge of calf stealing, he would *280 have sustained his action, for he would have proved some that were actionable, and thus have brought himself within the rule of law before stated and not contested.
Again—suppose he had not alleged the words, “and the records of the Court would prove it;” and Truesdell’s testimony had been precisely what it was in relation to such words; it is not supposed that the substantial charge would have been thereby enervated, or that any conflict in sense could be discovered between the words, “he was a calf thief,” and the words, “he has been indicted for calf stealing, and the records of the Court would prove it.” If not, then the variance which is alleged to exist, is, only in relation to words that are to be ranked as of the context, not differing in sense with those that are substantive, said and proved as such, words that may aggravate, mitigate or qualify, according to the judgment of the jury.
That the defendant meant no more than that the plaintiff had been indicted for calf stealing, is negatived by the finding of the jury, for that question was distinctly submitted to them. The question of malice was wholly for the jury; a second time they have assessed damages against him, and we can see no sufficient cause to send the case back.
The motion is therefore dismissed.
Evans J., Frost J.,and Richardson J., concurred.